IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CR 3:04-171-CMC |
| | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Johnny O'Neal Cobb, a/k/a "Tip," | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant raised two issues in his motion. The Government filed a response and a motion for summary judgment. The court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant filed his response and the matter is now before the court for ruling on the motion for summary judgment.

Defendant was sentenced by this court on July 21, 2004. The Judgment Order was entered July 27, 2004. Defendant did not appeal his conviction or sentence. Therefore, Defendant's judgment of conviction became final on that date. *United States v. Sanders*, 247 F.3d 139 (4th Cir. 2001). Pursuant to 28 U.S.C. § 2255(f),[1] Defendant had one year from the latest of several dates to file a motion pursuant to § 2255 in this court. Defendant gave his motion to prison officials for mailing on May 17, 2008; it is postmarked May 22, 2008.

Ordinarily, a § 2255 motion must be filed within one year of the date on which a Defendant's judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Under § 2255(f)(1), Defendant's motion is untimely. However, Defendant contends his motion is timely for two reasons. First,

---

[1]Section 2255 has recently been amended by Congress to provide for the internal numbering of paragraphs which had previously been lacking.

Defendant contends that the decision in *Begay v. United States*, 553 U.S. ___, 128 S. Ct. 1581 (2008), makes his motion timely under § 2255(f)(3). Pursuant to the Court's decision in *Dodd v. United States*, 545 U.S. 353 (2005), circumstances in which motions under § 2255(f)(3) relating to rights "newly recognized by the Supreme Court" are permitted are limited to

> cases in which applicants are seeking to assert rights "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255[(f)(3)]. That means that [(f)(3)]'s date-"the date on which the right asserted was initially recognized by the Supreme Court"-does not apply at all if the conditions in the second clause-the right "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"-have not been satisfied. As long as the conditions in the second clause are satisfied so that[(f)(3)] applies in the first place, that clause has no impact whatsoever on the date from which the 1-year limitation period in [(f)(3)] begins to run. Thus, if this Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion. He may take advantage of the date in the first clause of [(f)(3)] only if the conditions in the second clause are met.

*Dodd v. United States*, 545 U.S. 353, 358-59 (2005).

The Government argues that Defendant's motion is not timely because the Court "did not make its holding in *Begay* retroactive to cases on collateral review," Resp. in Opp. at 3 (Dkt. # 32, filed June 16, 2008). However, this argument misapprehends the limitation contained in § 2255(f)(3), as "if [the Supreme Court] decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from [the] Court's decision within which to file his § 2255 motion." *Dodd*, 545 U.S. at 358-59. Because this is Defendant's first § 2255 motion, Defendant had "one year from [the Court's decision in *Begay* (April 16, 2008)] within which to file his [§ 2255] motion." *Dodd*, 545 U.S. at 360.[2] It then falls to lower federal courts to determine,

---

[2] Defendant's second argument related to timeliness is that § 2255(f)(4) provides that a prisoner has one year from "the date on which the facts supporting the claim or claims presented could have been discovered through due diligence." Assuming without deciding that this paragraph

2

by use of an analysis under *Teague v. Lane*, 489 U.S. 288 (1989), whether that right is applicable to cases on collateral review. Otherwise, the Supreme Court would not have the opportunity to have a proper petition placed before it for final resolution of the issue.

The limitation contained in § 2255(f)(3) is broader than that present in § 2255(h)(2). The one-year limitation in § 2255(f)(3) applies when the "right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[,]" whereas the limitation contained in § 2255(h)(2) describes narrower circumstances in which collateral review can be sought – not only must the right have been recognized by the Supreme Court but the right must also have been made "retroactive to cases on collateral review *by the Supreme Court*." (Emphasis added). The interplay between these two sections appears to mean that for defendants who seek to file a second or successive petition based upon a "newly recognized right," the right must have been newly recognized *and* made retroactively applicable by the Supreme Court within a year.

---

is applicable to Defendant's motion, it is of no consequence in this particular case because the motion is timely under § 2255(f)(3).

Defendant also argues that if he does not meet the requirements of a timely § 2255 motion, this court should consider his motion as a common law writ of audita querela. The Federal Rules of Civil Procedure abolished this writ in civil cases. *See* Fed. R. Civ. P. 60(b). However, the writ may be available in criminal cases, *United States v. Ayala*, 894 F.2d 425, 428 (D.C. Cir. 1990) ("The teaching of *Morgan* [*United States v. Morgan*, 346 U.S. 502 (1954)] is that federal courts may properly fill the interstices of the federal post conviction remedial framework through remedies available at common law."). This writ is not available, however, to a prisoner when other remedies exist, such as a motion to vacate a sentence. *United States v. Torres*, 282 F.3d 1241 (10th Cir. 2002); *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001) (writs of audita querela "survive only to the extent that they fill 'gaps' in the current systems of postconviction relief . . ."). As Defendant's motion is timely, a § 2255 remedy is still available. The court therefore declines to treat that matter as a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

However, even if this court were to determine that *Begay* applies to Defendant's conviction for failure to stop for a blue light *and* that *Begay* meets the test delineated in *Teague*, Defendant has three other convictions which continue to meet the statutory definition of a "violent felony," as they were "committed on occasions different from one another . . . ." 18 U.S.C. § 924(e)(1). Therefore, Defendant's motion for relief based on *Begay* is denied.

Defendant's second claim for relief has no merit. Therefore, the court **grants** the Government's motion for summary judgment and dismisses this matter with prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 4, 2008

C:\Documents and Settings\baw58\Local Settings\Temp\notesE1EF34\04-171 Johnny O'Neal Cobb e gr sumjgm.wpd