IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CR 3:04-171-CMC |
| | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Johnny O'Neal Cobb, a/k/a "Tip," | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant has filed a motion for Relief Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Dkt. #55 (filed Dec. 11, 2009). Defendant contends that this court erred when it granted the Government summary judgment on August 4, 2008. Dkt. #41. The Government has not responded to Defendant's motion.

Because Defendant's motion was filed over a year after this court granted summary judgment to the Government, the applicable subsection of Rule 60 is (b)(6). Rule 60(b)(6) states in relevant part that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reasons justifying relief from the operation of the judgment." Rule 60(b)(6) provides the court the discretionary power to vacate judgments whenever such action is appropriate to accomplish justice and where relief might not be available under any other clause in 60(b). *Eberhardt v. Integrated Design & Const., Inc*., 167 F.3d 861, 872 (4th Cir. 1999). While the Fourth Circuit has described Rule 60(b)(6) as serving as the court's "grand reservoir of equitable power to do justice in a particular case[,]" *National Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 266 (4th Cir.1993) (internal quotation marks omitted), a Rule 60(b)(6) motion may not be granted "absent extraordinary circumstances." *Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir. 2004).

Defendant's motion presents no "extraordinary circumstances" which warrant granting him relief under Rule 60(b)(6). First, Defendant's delay of over a year in filing this motion is not within

the "reasonable time" contemplated by Fed.R.Civ.P. 60(c)(1). *See McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535 (4th Cir. 1991) (affirming district court decision that three month delay between judgment and Rule 60(b) motion not reasonable); *Wadley v. Equifax Information Services, LLC*, 296 Fed. Appx. 366, 368 (4th Cir. 2008) (affirming district court's determination that two-year delay in filing Rule 60(b) motion not reasonable); *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1178 (10th Cir. 2005) (upholding district court's determination that unexplained one-year delay between judgment and Rule 60(b) motion was not reasonable). Additionally, while Defendant appealed this court's § 2255 ruling, the Fourth Circuit Court of Appeals denied Defendant a certificate of appealability.

Finally, the basic premise of Defendant's motion is without merit. Defendant contends that this court erred in directing the Government to respond to Defendant's § 2255 motion. Defendant argues that if the court "believed from his § 2255 motion that he was entitled to no relief," the court should have had "had the Clerk notify him of its dismissal, instead [ ] of proceeding" and ordering the Government to respond. Mot. at 7. Defendant assumes, incorrectly, that the initial review of Defendant's motion exposed its fatal qualities. Simply put, this is incorrect.

In sum, Defendant falls far short of demonstrating the exceptional circumstances necessary to obtain the extraordinary relief provided by Rule 60(b). Therefore, Defendant's motion is **denied**.

**IT IS SO ORDERED**.

                                                    s/ Cameron McGowan Currie
                                                  CAMERON McGOWAN CURRIE
                                                  UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 4, 2010