IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | Cr. No. 3:04-171 (CMC) |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Johnny O'Neal Cobb, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's Motion to compel the Government to file a Rule 35 motion. Dkt. #69 (filed June 9, 2011). Defendant also seeks amendment of his Presentence Report (PSR), contending that this court ordered that "no other information besides the fact that [I] was found to be in possession of AMMO could be use[d] against me." Mot. at 1. The Government has responded in opposition to Defendant's motion to compel, and Defendant has replied. This matter is ripe for resolution.

Under Rule 35(b), the decision to move for reduction of sentence is solely in the discretion of the Government. The district court is without authority to compel such a motion unless the Government's failure to file resulted from an unconstitutional motive or was not rationally related to a legitimate government goal. *Wade v. United States*, 504 U.S. 181, 185-86 (1992); *United States v. Butler,* 272 F.3d 683, 686 (4th Cir. 2001). Defendant must make a "substantial threshold showing," *Wade*, 504 U.S. at 186, of either of these elements which should constitute more than a recitation of the assistance provided.

Defendant has not made a "substantial threshold showing" relating to either element noted above. Therefore, for this reason, and for the reasons noted by the Government in its response,

Defendant's motion to compel is **denied**.

As to Defendant's contention that his PSR contains inaccurate information which this court

ordered "could not be used against [him]," Mot. at 1, this assertion has been previously addressed by this court. *See* Opinion and Order, Dkt. #61 (filed Apr. 12, 2010). Therefore, construing Defendant's requested relief as a motion for correction of his PSR, Defendant's motion is **denied.**[1]

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 11, 2011

---

[1] Defendant's reply indicates that the Government failed to address his "second argument . . . [w]here this court promised me on the record that [he would] be able to appeal my sentence on the grounds of newly discovered evidence." Reply at 1 (Dkt. #74, filed July 7, 2011). Defendant contends that the undersigned "promised me on the record that [he would] be able to [benefit] from case law or newly discovered [sic] if proven in light that [he] was wrongfully sentenced." Reply at 2.

Initially, the court notes that no such argument is contained in the motion received by the court on June 9, 2011. Additionally, to the extent Defendant seeks to raise issues regarding the continuing validity of his sentence, these matters are not properly pursued in the current motion. Therefore, to the extent asserted, they are dismissed without prejudice.

2